## STATE OF CONNECTICUT *v.* JUAN MORALES
### (SC 15720)

Callahan, C. J., and Berdon, Norcott, Palmer and McDonald, Js.

Argued May 29—officially released August 11, 1998

*Pamela S. Nagy*, assistant public defender, for the appellant-appellee (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *John M. Massameno*, senior assistant state's attorney, for the appellee-appellant (state).

*Opinion*

PER CURIAM. After examining the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal and cross appeal in this case should be dismissed on the ground that certification was improvidently granted.[1]

The appeal and the cross appeal are dismissed.

---

[1] We granted the defendant's petition for certification to appeal from the judgment of the Appellate Court; *State* v. *Morales*, 45 Conn. App. 116, 694 A.2d 1356 (1997); limited to the following issues: (1) "Whether the Appellate Court correctly determined that the defendant's confrontation rights were not violated when the trial court refused to allow the defendant to cross-examine D, the child complainant, as well as her mother, Dr. Frederick Barrien and Veronica Lugris, about her previous accusations that the defendant's son sexually abused her?" (2) "Whether the Appellate Court was correct in upholding the trial court's refusal to allow the defendant to cross-examine D's mother about the sleeping arrangements in the home?" *State* v. *Morales*, 242 Conn. 903, 697 A.2d 689 (1997).

We also granted a cross petition for certification by the state limited to the following issue: "Under the circumstances of this case, did the Appellate Court properly conclude that the defendant's conviction for sexual assault in the first degree constituted a violation of the ex post facto clause of the federal constitution?" *State* v. *Morales*, 242 Conn. 904, 697 A.2d 690 (1997).